UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CODAY HILL,<br><br>            Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden,<br><br>            Respondent.<br>_____/ | CV F   05-0933 REC DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 10] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

On April 30, 2002, in the Tulare County Superior Court, Petitioner was found guilty of transportation of methamphetamine (Ca. Health & Saf. Code § 11379(a)); possession of methamphetamine for sale (Ca. Health & Saf. Code § 11378); maintaining a place for the sale of a controlled substance (Ca. Health & Saf. Code § 11366); receiving stolen property (Ca. Penal Code § 496(a)); and misdemeanor possession of an opium pipe (Ca. Health & Saf. Code § 11364).  (CT 85; RT 610-614.)   Petitioner admitted having suffered two prior felony narcotics convictions (Ca. Health & Saf. Code § 11370.2(c)).  (CT 79; RT 510-511.)  On June 10, 2002, Petitioner was sentenced to nine years in state prison.  (CT 288; RT 635-636.)

Petitioner appealed to the California Court of Appeal for the Fifth Appellate District.  The Court of Appeal affirmed the conviction and sentence on December 19, 2003.  (Lodged Doc. 3.)

1     On January 28, 2004, Petitioner filed a petition for review in the California Supreme
2 Court. (Lodged Doc. 4.) The petition was denied without comment on March 3, 2004. (Lodged
3 Doc. 5.)
4     On June 1, 2004, Petitioner's state court conviction became final when the time for filing
5 a petition for certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999)
6 (explaining that where no petition for certiorari is filed, a state court judgment becomes final 90
7 days after the California Supreme Court denies review).
8     On June 11, 2004, Petitioner filed a petition for habeas corpus in the Tulare County
9 Superior Court. (Lodged Doc. 6.) The petition alleged a denial of the effective assistance of
10 counsel based on defense counsel's handling of a suppression motion. (Id.) On June 15, 2004,
11 the petition was denied on the ground that it was untimely and the claim therein had been raised
12 on appeal. (Lodged Doc. 7.)
13     On August 17, 2004, Petitioner filed a petition for writ of habeas corpus in the Fifth
14 District Court of Appeal. (Lodged Doc. 8.) The petition alleged one claim, namely, that
15 Petitioner was denied the effective assistance of counsel based on defense counsel's decision to
16 recall a witness for further cross-examination rather than seeking a recess to conduct additional
17 investigation.[1]
18     On August 31, 2004, Petitioner filed a second habeas corpus petition in the Tulare County
19 Superior Court. (Lodged Doc. 10.) The sole claim alleged in this petition was Ground Three.
20 (See id, P & A at 11.)  On March 21, 2005, the petition was denied in a reasoned decision as
21 untimely and for lack of merit. (Lodged Doc. 11.)
22     On April 25, 2005, Petitioner filed a second habeas corpus petition in the Fifth District
23 Court of Appeal. (Lodged Doc. 12.) The sole claim alleged in this petition was Ground Three.
24 (Id.) On May 5, 2005, the petition was denied without comment. (Lodged Doc. 13.)
25     On May 25, 2005, Petitioner filed petition for writ of habeas corpus in the California
26 Supreme Court. (Lodged Doc. 14.) The sole claim alleged in this petition was Ground Three.

---

[1] This ineffective-assistance-of-counsel claim appears as Ground Three of the federal petition. (Petition at 6.) Hereinafter the claim will be referred to as "Ground Three."

(Id.) On June 22, 2005, the petition was denied without comment. (Lodged Doc. 15.)

Petitioner filed the instant federal petition for writ of habeas corpus on July 21, 2005. Respondent filed the instant motion to dismiss on November 9, 2005. On November 30, 2005, Petitioner wrote a letter to the Court, which the Court construes as an opposition to Respondent's motion.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244,

subdivision (d) reads:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on April 30, 2002. The California Supreme Court denied Petitioner's petition for review on March 3, 2004.[2] Thus, direct review became final on June 1, 2004, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from June 1, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute was set to expire on June 1, 2005. Petitioner did not

---

[2] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[3] See Sup. Ct. R. 13(1)

1  file the instant petition until July 15, 2005.[4]

2  C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[5] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167 (2001).

Petitioner filed five state postconviction petitions. Each petition will be discussed below.

1.   Petitioner's First State Postconviction Filing was not "Properly Filed"

Petitioner filed his first habeas corpus petition in the Tulare County Superior Court on June 11, 2004. (Lodged Doc. 6.) The state court denied that petition in part because it was

---

[4] Although the petition was filed with the Court on July 21, 2005, it was self-dated by Petitioner as of July 15, 2005. For purposes of determining the timeliness of the petition, the Court will apply the mailbox rule. In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

[5] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

untimely under California law:

> Petitioner failed to raise his claims in a timely fashion. He does not show that his delay was justified by the recent discovery of new legal or factual bases in support of his claim, or that his claim falls within an exception to the timeliness bar. (In Re Robbins (1998) 18 Cal.4th 770, 780-791; In Re Clark (1993) 5 Cal.4th 797-798.[)]

(Lodged Doc. 7, at 1.) The Supreme Court has clearly stated that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 125 S.Ct. at 1812 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). The state superior court's alternative procedural default ruling does not change the result. Pace, 125 S.Ct. at 1812. The Tulare County Superior Court's express finding that Petitioner's habeas corpus petition was untimely under California law renders the petition not "properly filed" and therefore it does not toll the limitations period. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005).

### 2. Petitioner's Second State Postconviction Filing was not "Properly Filed," and Even if it was, it Failed to Toll the Limitations Period Long Enough to Render the Federal Petition Timely

Petitioner filed his second habeas corpus petition in the California Court of Appeal, Fifth Appellate District on August 17, 2004. (Lodged Doc. 8.) The state appellate court denied that petition without prejudice on August 26, 2004, with the following statement: "The 'Petition For Writ Of Habeas Corpus,' filed in this court on August 17, 2004, is denied without prejudice. Petitioner has failed to show that he exhausted his remedy of seeking extraordinary relief in the trial court on the issue raised in the pending petition." (Lodged Doc. 9.)

As Respondent submits, proper filing requires delivery and acceptance of the state postconviction petition "by the appropriate court officer . . . ." Artuz v. Bennett, 531 U.S. 7, 8 (2000); see Sibley v. Culliver, 377 F.3d 1196, 1201-03 (11th Cir. 2004) (finding state postconviction filing was not "filed" as defined by Bennett when it was sent to the state supreme court rather than the court in which the petitioner was convicted); Johnson v. McCaughtry, 265 F.3d 559, 564 & n.4 (7th Cir. 2001) (finding state court petitions that were dismissed as having been filed in the wrong court did not toll the statute of limitations); Hood v. Galaza, 47

1  F.Supp.2d 1144, 1147 (S.D. Cal. 1999) (finding statute of limitations was not tolled for the time
2  a state habeas corpus petition was filed in the wrong superior court; nor was the limitations
3  period tolled for the time when the federal petition was filed in the wrong federal district court,
4  even if later transferred to the correct district court).

5  Here, the Fifth District Court of Appeal found that the petition was not delivered to the
6  appropriate court and it was denied without prejudice. (Lodged Doc. 9.)  In In Re Hillery, 202
7  Cal.App.2d 293, 294 (1962), it was held that a California Court of Appeal has discretion to
8  refuse to issue a writ of habeas corpus as an exercise of original jurisdiction on the ground that
9  application has not been made in a lower court in the first instance, where there is no showing in
10 the petition that any extraordinary reason exists for action by the Court of Appeal rather than by
11 the Superior Court.  Although any California appellate court has jurisdiction over a habeas case[1],
12 the ineffective-assistance-of-counsel claim raised by Petitioner was undeniably fact-intensive and
13 required initial presentation in the trial court under well-established state law. (Lodged Doc. 9.)
14 There is no suggestion the petition was incorrectly dismissed by the state appellate court.  See
15 Johnson v. McCaughtry, 265 F.3d at 564 n.4 (pointing out the petitioner did not argue his state
16 postconviction filings were incorrectly dismissed for being filed in the wrong state court).
17 Further, the rule's exception for pure questions of law does not detract from its status as a
18 condition to filing.  See Pace, 125 S.Ct. at 1811-12 (finding three exceptions to a state timeliness
19 requirement did not prevent the rule from being regarded as a condition to filing).  Thus, the state
20 appellate court's rejection of the petition without prejudice demonstrates the petition was not
21 "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).

22 Even if Petitioner had "properly filed" his second postconviction petition, its brief
23 pendency fails to provide enough tolling of the limitations period to render the federal petition
24 timely.  The petition was filed on August 17, 2004, and was denied nine days later on August 26,
25 2004. (Lodged Doc. 8 & 9.)  Because Petitioner filed his federal petition forty four days after the
26 limitations period expired, nine days of tolling leaves the federal petition untimely by thirty-five

---

[1] Article VI, section 10, of the California Constitution provides that "[t]he Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings. . . ."

7

days.

Furthermore, the federal petition remains untimely even if Petitioner were granted tolling for the interval between the state appellate court's denial of his petition without prejudice and his next state postconviction filing in the superior court. After the state appellate court denied his petition on August 26, 2004, Petitioner filed a habeas corpus petition in the state superior court on August 31, 2004. (Lodged Doc. 10.) As Respondent submits, this could conceivably add five days of tolling to Petitioner's limitations period, but that still leaves the federal petition untimely by thirty days.

3. <u>Petitioner's Third State Postconviction Filing was not "Properly Filed"</u>

Petitioner filed his third habeas corpus petition in Tulare County Superior Court on August 31, 2004. (Lodged Doc. 10.) The state court denied that petition in a reasoned decision on the ground, among others, that it was untimely under California law:

> Petitioner has failed to raise his claims in a timely fashion. He does not show that his delay was justified by the recent discovery of new legal or factual bases in support of his claim, or that his claim falls within an exception to the timeliness bar. (In Re Robbins, (1998) 18 Cal.4th 770, 780-791; In Re Clark (1993) 5 Cal.4th 797-798.[)]

(Lodged Doc. 11, at 1.) This finding that the petition was untimely under state law is "'the end of the matter'" for purposes of 28 U.S.C. § 2244(d)(2). <u>Pace</u>, 125 S.Ct. at 1812 (quoting <u>Carey v. Saffold</u>, 536 U.S. at 226). The fact that the state court also ruled the claims were unmeritorious is of no consequence. <u>Pace</u>, 125 S.Ct. at 1812. The Tulare County Superior Court's express finding that Petitioner's third habeas corpus petition was untimely under California law means the petition was not "properly filed" and therefore did not toll the limitations period. See <u>Bonner v. Carey</u>, 425 F.3d at 1149.

4. <u>Petitioner's Fourth and Fifth State Postconviction Filings were not "Properly Filed"</u>

Petitioner filed his fourth habeas corpus petition in the California Court of Appeal, Fifth Appellate District, on April 25, 2005. (Lodged Doc. 12.) The appellate court denied the petition without comment on May 5, 2005. (Lodged Doc. 13.) Petitioner filed his fifth and final state habeas corpus petition in the California Supreme Court on May 25, 2005. (Lodged Doc. 14.)

8

The state's highest court denied the petition without comment on June 22, 2005. (Lodged Doc. 15.)

As Respondent correctly submits, because Petitioner's fourth and fifth state habeas corpus petitions were denied without comment, this Court must "look through" those mute decisions to the last reasoned decision by the state court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); Bonner v. Carey, 425 F.3d at 1148 n.13 (applying the Ylst presumption to determine if petitions denied without comment were properly filed). The last reasoned decision was issued by the state superior court on March 21, 2005. (Lodged Doc. 11.) As discussed above, the superior court denied Petitioner's postconviction filing in a reasoned decision as untimely under state law and alternatively for lack of merit. (Lodged Doc. 11, at 1-3.) The finding of untimeliness rendered the superior court petition not "properly filed." Under Ylst, it is presumed that Petitioner's fourth and fifth habeas petitions were rejected for the same reasons. 501 U.S. at 803. Therefore, Petitioner's fourth and fifth state habeas petitions were not "properly filed" because they were untimely under state law and they did not toll the federal limitations period.

In sum, because Petitioner is not entitled to statutory tolling for any of his state postconviction petitions, the instant petition was not timely filed and must be dismissed.

D.      Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60 (1997); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.

9

1999).

In this case, Petitioner has not presented and the Court can find no circumstances present which would justify the application of equitable tolling.  In his opposition, Petitioner merely contends that he has acted with due diligence to the best of his ability, given the inherent limitations that exist within the prison system.  Petitioner's contentions are insufficient to warrant the basis for equitable tolling.  Accordingly, the petition is untimely and must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition be GRANTED; and
2. The instant petition for writ of habeas corpus be DISMISSED, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 29, 2006**          /s/ Dennis L. Beck
3b142a                    UNITED STATES MAGISTRATE JUDGE